# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**DESHAWN COCROFT**                                                              **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 3:06cv338HTW-JCS**

**TOBY TROBRIDGE, JR., et al.**                                      **DEFENDANTS**

## ORDER

The plaintiff, an inmate currently incarcerated in the Cook County Jail, Chicago, Illinois, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are: Toby Trobridge, Jr.; Unknown Forrester; James Knight; Ralph Williams; and Unknown Clent. On August 2, 2006, an order [doc.10] was entered directing the plaintiff to file a written response containing specific information. On August 21, 2006, the plaintiff filed his response to this order [doc.13].

Since the plaintiff is a prisoner and was granted *in forma pauperis* status, this case is being reviewed under 28 U.S.C. § 1915. At this time, the Court has allowed this action to proceed against all defendants except for Toby Trobridge, Jr., Sheriff of Madison County. *See, Order [doc. 15] directing process to issue,* filed August, 28, 2006.

The plaintiff alleges that he was subjected to excessive force on May 26, 2006, when he was incarcerated in the Madison County Detention Center in Canton, Mississippi. The sole allegation against defendant Trobridge in the plaintiff's complaint is "Sheriff Trobridge is responsible for the safety & well being of me." *Complaint* [doc.1], p. 4. The court's order of August 2, 2006, directed the plaintiff to file a written response to specifically state how defendant Trobridge violated his constitutional rights. *Order* [doc.10], p.1. In the plaintiff's response, he

alleges that defendant Trobridge is the "[t]op authority officer over all his officers that work at Madison County Detention Center." *Response* [doc.13], p.1. The plaintiff argues that since defendant Trobridge is the Sheriff he should be held accountable for the actions of his officers and for what happens in his jail. *Response* [doc.13], p.1.

To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The United States Supreme Court has held that supervisory officials cannot be held liable for the actions of an employee under a *respondeat superior* theory of liability, in a § 1983 suit. Monell v. Dep't. of Social Services, 436 U.S. 658 (1978). The plaintiff is clearly asserting that defendant Trobridge's liability is based on his position as Sheriff and as the supervisor of the other named defendants. Even though this Court must liberally construe a *pro se* litigant's pleadings, this does not allow the Court to consider unpled facts. See McFadden v. Lucas, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977)). As such, defendant Trobridge will be dismissed from this suit. However, in light of the fact that the plaintiff is proceeding *pro se* and this case is in the early development stages, defendant Trobridge will be dismissed without prejudice. If upon further record development it is determined that the plaintiff has viable claims against Sheriff Trobridge, he may file a motion requesting the addition of Sheriff Trobridge as a defendant, at that time. Accordingly, it is hereby,

ORDERED AND ADJUDGED that defendant Toby Trobridge, Jr., is dismissed from this action, without prejudice.

It is the plaintiff's responsibility to prosecute this case. Failure to advise this Court of a change of address or failure to comply with any Order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.

THIS the 28th day of November, 2006.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:06-cv-338 HTW-JCS
Order